**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Rubalcaba,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Gucci America, Inc., a New Jersey corporation dba in Arizona,<br><br>　　　　　　Defendant. | No. CV-12-01503-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss of Defendant Gucci America, Inc. ("Gucci") (Doc. 7). For the reasons discussed below, Gucci's Motion is denied.

Plaintiff John Rubalcaba ("Rubalcaba") filed suit in Maricopa County Superior Court on February 29, 2012, alleging gender discrimination, sexual harassment, and retaliation in the workplace. (Doc. 1 at 2.) Rubalcaba later amended his complaint to state that he was bringing claims under Title VII of the Civil Rights Act of 1964. (*Id.*) Gucci subsequently removed the case to this Court.

Rubalcaba alleges in his Complaint that he received a Right-to-Sue Letter from the EEOC on December 2, 2011. (Doc. 1-2 at 16.) However, the letter itself states that it was issued on May 18, 2011. (Doc. 8-3 at 21.)

Gucci brings this Motion to Dismiss on the ground that Rubalcaba has failed to bring this action within the applicable statute of limitations.

A court may not grant a 12(b)(6) motion to dismiss for failure to state a claim

1  "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir. 1994) (citing *Buckey v. Cnty. of Los Angeles,* 957 F.2d 652, 654 (9th Cir. 1992)). When analyzing a complaint under this standard, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson,* 84 F.3d 1213, 1217 (9th Cir. 1996). However, a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

A district court generally will not consider evidence or documents beyond the complaint in the context of a 12(b)(6) motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (amended decision). However, courts may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Documents specifically referred to in a complaint and whose authenticity is not questioned by any party may also be considered. *Branch v. Tunnell*, 14 F.3d 4499, 453–54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. Of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Under Title VII, if the EEOC dismisses a discrimination charge, it must notify the claimant and inform her that she has ninety days to bring a civil action. 42 U.S.C. § 2000e-5(f)(1); *Payan v. Aramark Mgmt. Services Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007). The ninety days operates as a limitations period and if the claimant fails to bring suit in that time, her action is time-barred. *Id.* The period runs from the date that the right-to-sue notice letter arrives at the claimant's address of record. *Id.* at 1122.

1   Here, Rubalcaba filed suit on February 29, 2012. He alleges that the right-to-sue
2   notice letter did not arrive until December 2, 2011, (Doc. 1-2 at 16), and attaches a copy
3   of the envelope that the letter arrived in, postmarked on December 1, 2011, (Doc. 11 at
4   6). He asserts that no letter ever arrived at his address of record prior to this date. (Doc.
5   11 at 2.) If this is the case, then Rubalcaba's action was timely filed within ninety days of
6   his receipt of the letter on December 2.

However, Gucci points to the date on the letter itself, which indicates that it was issued on May 18, 2011. (Doc. 8-3 at 21.) Neither party disputes the authenticity of this document or argues that it should not be considered on this Motion to Dismiss. Gucci claims that, under *Payan*, a court should presume that a right-to-sue notice letter is mailed on the date that it is issued and that a letter is received within three days of mailing. (Doc. 7 at 4.) Therefore, Gucci asserts, the EEOC's letter in this case should be presumed to have been mailed on May 18, 2011, and received by Rubalcaba three days later. As such, Rubalcaba's suit on February 29, 2012 would be well outside the ninety-day statute of limitations.

In *Payan*, the Ninth Circuit applied a presumption that an EEOC right-to-sue notice letter arrives three days after it is issued. *Payan*, 495 F.3d at 1123–25. However, this presumption operates only when receipt is not in dispute. *Id.* at 1122. Here, the parties dispute whether a May 18, 2011 letter was ever received. (Doc. 12 at 2.) As such, the *Payan* presumption does not reply. Rather, when receipt is disputed, the mailbox rule applies. *Payan*, 495 F.3d at 1123 n.4; *Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F. Supp. 956, 962 (9th Cir. 2001). Under the mailbox rule, a presumption of receipt arises only if the proponent of receipt demonstrates sufficient evidence that the letter was mailed. *Id.* at 963. If the proponent meets this burden, it is up to the other party to present sufficient evidence of non-receipt to rebut the presumption. *Id.*

Here, the only evidence that Gucci has presented of a May 18 letter being mailed is the date of issuance on the right-to-sue notice letter. (Doc. 7 at 4.) This is insufficient to give rise to a presumption of receipt. *See Mahon v. Credit Bureau of Placer Cnty., Inc.*,

171 F.3d 1197, 1201–02 (9th Cir. 1999) (applying a presumption of receipt where proponent produced records that software generated a notice, that a machine mechanically addressed and stuffed the notice into an envelope, and that the notice was then mailed); *Turner v. Dep't of Educ.*, CIV. 10-00707 ACK, 2011 WL 1637333 at *6 (D. Haw. Apr. 28, 2011) (declining to apply the presumption where proponent produced only the issuance date on the right-to-sue letter).

Because Gucci has not presented sufficient evidence to give rise to a presumption of receipt of the May 18, 2011 letter, the Court takes as true Rubalcaba's allegation in his Complaint that he did not receive the EEOC's right-to-sue notice letter until December 2, 2011. Rubalcaba filed suit within ninety days of that date, so the statute of limitations does not operate to bar this action. Gucci has presented no other ground on which Rubalcaba's suit should be dismissed. Therefore, its Motion to Dismiss is denied.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Gucci America, Inc. (Doc. 7) is **DENIED**.

Dated this 22nd day of October, 2012.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge